UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD A DINN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-67 |
| | § | |
| NUECES COUNTY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

This case was filed as a civil rights action by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claims against the named Defendants be **DISMISSED** for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.     JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). On August 8, 2013, he was sentenced to eleven (11) years imprisonment for possession of a controlled substance (heroin) in Cause No. 12-CR-1715-H, Nueces County, Texas. He is currently confined at the Coffield Unit in Anderson County, Texas.

Plaintiff filed his original complaint on January 22, 2015 and named the following Nueces County employees as defendants: (1) John Doe, an employee with the Nueces County Child Support Division; (2) Patsy Perez, Nueces County District Clerk; and (3) Elisa Avia, Nueces County Court Coordinator. (D.E. 1). A *Spears*[1] hearing was held on February 20, 2015, and on March 9, 2015, Plaintiff filed a pleading entitled "Notice of Critical Information." (D.E. 7). The following representations were made in Plaintiff's original complaint (D.E. 1), at the hearing, or in his notice (D.E. 7):

In March or April of 2013, Plaintiff was involved in selling real property, specifically a four-plex residence located at 5038 Meandering Lane in Corpus Christi,

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Texas. Plaintiff was represented by an agent at Keller Williams, and San Jacinto Title Services provided the closing services. Prior to closing, in a conversation with a San Jacinto Title Services employee, Pam Mosley, Plaintiff mistakenly referred to his ex-girlfriend, Kimberly Balboa, as his ex-wife. Ms. Balboa had an outstanding child support debt for her children from a prior relationship. Pam Mosley reported the relationship between Plaintiff and Ms. Balboa as a marriage to the Nueces County Child Support Division. The next day, there was lien on Plaintiff's property for $19,000.00 for Ms. Balboa's unpaid child support.

Plaintiff did not want the sale of the property to fall through, so he paid the $19,000.00 lien from the proceeds of the real estate transaction. He signed related paperwork evidencing the release of lien from the property.

When Plaintiff arrived at the TDCJ, he realized that he had paid a debt he did not owe. In his Notice of Critical Information, Plaintiff includes a February 26, 2015 pamphlet from the Attorney General's office which he contends establishes beyond all doubt that it was error for the lien to be placed against his property. (D.E. 7).

At the hearing, Plaintiff related that he has taken steps to challenge the lien that was placed against his property and to get his money back. He filed suit in the Nueces County Court at Law Number 2 against the Child Support Division and the Attorney General's Office. However, because his petition contained the word "negligence," the Attorney General moved that it be treated as a petition under the Texas Tort Claims Act. That action is still pending. Plaintiff also filed a separate law suit against San Jacinto Title Company, and that action is also still pending.

Plaintiff is seeking damages in the amount of $119,000.00 against Defendants in their individual capacities. He is suing Defendants in their official capacities for injunctive relief.

### III.   LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005).

Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSISSION.

Plaintiff is suing John Doe, an employee with the Nueces County Child Support Division, as well as Patsy Perez, the Nueces County District Clerk, and Elisa Avila, the Nueces County Court Coordinator, alleging that these individuals, while working for the County, violated his constitutional rights such that Nueces County is liable to him for damages.

A city will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional

violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

In this case, Plaintiff fails to offer any evidence to suggest that an official policy or custom of Nueces County promoted, encouraged, or authorized the John Doe Defendant to file a lien again his real property based on irrelevant information. Indeed, Plaintiff admits that it was Pam Mosley with San Jacinto Title Services who inquired about his past relationship with Ms. Balboa, reacted without investigation to Plaintiff's use of the term "ex-wife," and that she contacted Child Protected Services about the upcoming sale of the property. Plaintiff is now seeking relief against San Jacinto Title in a state court action. There is no evidence that the John Doe Defendant purposely violated Plaintiff's

constitutional rights; Plaintiff has simply alleged that a County employee filed a lien in error, and he has filed a lawsuit to correct the matter. There is no constitutional violation.

As to Patsy Perez and Elisa Avila, Plaintiff does not suggest that these individuals in their roles as District Clerk and County Administrator played any role in enforcing child support orders. Moreover, to the extent he complains that they will not "process his filings," Nueces County has rules and regulations about what pleadings can be filed with its courts and it may be that Plaintiff is attempting to present materials in a form or manner that is not acceptable. Regardless, Plaintiff has two actions pending in state court to address the lien issue and even if Plaintiff is unsatisfied with the decisions he obtains, he has the right to appeal those decisions. There is simply no constitutional violation at this time.

## V.    CONCLUSION.

For the reasons stated above, it is respectfully recommended that Plaintiff's action against the Nueces County employees in their official and individual capacities be **DISMISSED with prejudice** for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 15th day of April, 2015.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).