UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD A DINN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-67 |
| | § | |
| NUECES COUNTY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff Donald A. Dinn's 42 U.S.C. § 1983 civil rights complaint (D.E. 1). On April 15, 2015, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation ("M&R") (D.E. 8), recommending that Plaintiff's action be dismissed with prejudice for failure to state a cognizable claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). This Court received Plaintiff's timely-filed objections (D.E. 9) on April 30, 2015. Plaintiff's objections are set out and discussed below.

Plaintiff objects to the Magistrate Judge's conclusion that John Doe Defendant did not violate his procedural due process rights. Plaintiff argues that his rights were violated when John Doe Defendant, an employee with the Nueces County Child Support Division, "placed an illegal lien on the Plaintiff's real property and never provided him with a copy of the lien so that he could challenge it in a court of law" as required by the Texas Family Code. D.E. 9, pp. 2-3. Plaintiff makes this specific due process argument for the first time in his objection to the M&R. "Although issues raised for the first time in objections

to a magistrate's report are generally not properly before the district court, a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading." *Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014) (citations omitted).  The Court considers Plaintiff's argument and finds it unavailing.

Plaintiff must support his § 1983 claim by showing that he was intentionally or recklessly deprived of his property interest—even temporarily, under color of state law. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994).  "[T]he negligent act of a state official which results in unintended harm to life, liberty, or property, does not implicate the Due Process Clause." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).  Here, Plaintiff does not claim nor do the alleged facts support a conclusion that John Doe Defendant purposely or recklessly deprived Plaintiff of his constitutional right. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.2d 94, 97 (5th Cir. 1994) (holding that a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint").  Because the Court finds no error in the Magistrate Judge's conclusion that John Doe Defendant did not violate Plaintiff's procedural due process rights, Plaintiff's first objection is **OVERRULED**.

Plaintiff's second objection reurges his argument that Nueces County District Clerk Patsy Perez and Nueces County Court Coordinator Elisa Avila denied him "his due process of law right to access of courts and his First Amendment right to petition the

Government for a redress of grievances by not processing his appeal" in a suit challenging the underlying lien. D.E. 9, p. 4.

Plaintiff has failed to demonstrate how he was unconstitutionally denied access to the courts. A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Moreover, Plaintiff does not have a right to file materials with a court in a form or manner that is not acceptable. *See Wells v. Welborn*, 165 F. App'x 318, 322 (5th Cir. 2006) (holding that a court clerk did not commit an unconstitutional act by enforcing rules of procedure). As such, Plaintiff's allegations do not rise to a constitutional violation and his second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 8), as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED**.

ORDERED this 17th day of June, 2015.

                                            _____
                                            NELVA GONZALES RAMOS
                                            UNITED STATES DISTRICT JUDGE